1  GEORGE D. YARON, ESQ. (State Bar #96246)
2  gyaron@yaronlaw.com
   D. DAVID STEELE, ESQ. (State Bar #171636)
3  dsteele@yaronlaw.com
   **YARON & ASSOCIATES**
4  1300 Clay St., Ste 800
   Oakland, California 94612
5  Telephone:    (415) 658-2929
6  Facsimile:    (415) 658-2930

7  Attorneys for Defendant
8  VIGOR SHIPYARDS, INC.
   formerly known as TODD PACIFIC SHIPYARD CORPORATION
9
               UNITED STATES DISTRICT COURT
10
               CENTRAL DISTRICT OF CALIFORNIA
11

12  DOUGLAS WILBUR, an individual, and FAITH    )   CASE NO.: _____
13  WILBUR, an individual,                       )
                                                 )   Los Angeles Superior Court:
14              Plaintiffs,                       )   19ST-CV-15971
                                                 )
15       v.                                       )   **NOTICE OF REMOVAL OF VIGOR**
                                                 )   **SHIPYARDS, INC., formerly known**
16  AIR & LIQUID SYSTEMS CORPORATION,            )   **as TODD PACIFIC SHIPYARD**
17  a subsidiary of AMPCO PITTSBURGH             )   **CORPORATION UNDER 28 U.S.C.**
    CORPORATION, individually and as successor   )   **§1442(a); DEMAND FOR JURY**
18  by merger to BUFFALO PUMPS, INC.,            )   **TRIAL**
    individually and successor in interest to    )
19  BUFFALO FORGE COMPANY, et al                 )
20                                                )
                                                 )
21              Defendants.                       )
22                                                )
                                                 )
23  _____)

24        TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
25
26  CENTRAL DISTRICT OF CALIFORNIA:
27

28

PLEASE TAKE NOTICE that Defendant VIGOR SHIPYARDS, INC., formerly known as TODD PACIFIC SHIPYARD CORPORATION ("TODD"), hereby removes the above-entitled action from the Superior Court of the State of California, in and for the County of Los Angeles, to this Court, pursuant to 28 U.S.C. §§1442(a)(1) and 1446, as described below.

This is a civil action over which this Court has subject matter jurisdiction under 28 U.S.C. §1331, as the action arises under the Constitution, laws, or treatises of the United States within the meaning of 28 U.S.C. §1331 by virtue of Plaintiff DOUGLAS WILBER's ("Plaintiff") attempt to adjudicate claims with respect to persons acting under an officer of the United States pursuant to 28 U.S.C. §1442(a)(1).

The grounds for removal are as follows:

1.      On May 8, 2019, Plaintiff filed his Complaint in the Superior Court of the State of California, in and for the County of Los Angeles, Case No. 19ST-CV-15971 against TODD, and several other entities. A true and correct copy of the Complaint is attached hereto as Exhibit A.  A true and correct copy of the Civil Case Cover Sheet is attached hereto as Exhibit B.

2.      On or about May 16, 2019, the Summons, Civil Case Cover Sheet, Complaint, Proof of Service, Preliminary Fact Sheet, Statement of Damages, Notices of Case Management Conference and Order, Instructions, were served on TODD.  A true and correct copy of the Service of Process is attached hereto as Exhibit C.

3.      The Complaint for Damages alleges Negligence , Breach of Express and Implied Warranties, Strict Liability, Premises Owner/Contractor Liability and Loss of Consortium[1] against various entities, including TODD. (See Exhibit A.)

---

[1] Plaintiff's spouse, Faith Wilbur, has filed a claim for Loss of Consortium.

4.      The Complaint contends that Plaintiff was negligently exposed to asbestos from serving in the U.S. Navy from 1970 - 1980, where he visited TODD shipyard aboard the USS THOMASTON (LSD-28) and the USS ORLECK (DD-886). (See Exhibit A, Complaint, Par. 7 5:11 -21.)

5.      On May 20, 2019, counsel for TODD e-mailed Plaintiff's counsel requesting that Plaintiff stipulate that their claims against TODD were limited to non-military vessels. After good faith efforts to meet and confer, on May 31, 2019, Plaintiff's counsel declined the proposed stipulation.

6.      Upon review of the Complaint, Plaintiff alleges a negligence cause of action (1st Cause of Action) and Strict Liability cause of action (2nd Cause of Action) against TODD, and potentially other causes of action. Plaintiff based his claims, in whole or in part, on his alleged exposure to asbestos while working on the subject Navy vessels. To the extent that the design, manufacture or repair of these Navy vessels included asbestos-containing parts or components, such work was required by the United States government in the detailed and precise specifications issued and approved, and under the direction of the Secretaries of the Department of Defense and the U.S. Navy. Any decision regarding the repair or inclusion of asbestos-containing parts or components on the subject vessels was under the full control and direction of the United States government.

7.      28 U.S.C. § 1442(a)(1) provides:

A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

The basis for the removal of this action is that it involves a person – TODD – that acted under the authority of officers of the United States of America, or any agency thereof, including the U.S. Navy and the Secretary of the Navy, within the meaning of 28 U.S.C. §1442(a)(1). (*Mesa v. California*, 489 U.S. 121, 124-125 (1989); *Pack v. AC&S, Inc., et al.*, 838 F.Supp. 1099, 1101 (D. Md. 1993).)

8.     In *Fung v. Abex Corp., et al.*, 816 F.Supp. 569 (N.D. Cal. 1993), the Court addressed the propriety of the removal of a case involving the alleged exposure to asbestos while aboard submarines manufactured by General Dynamics.  In denying Plaintiffs' motion to remand, the Court stated that, to satisfy removal under 28 U.S.C. §1442(a), General Dynamics must show that, in manufacturing submarines, it "(1) acted under the direction of a federal officer, (2) raised a federal defense to plaintiffs' claims, and (3) demonstrated a causal nexus between plaintiffs' claims and the acts it performed under color of federal office." (*Id.* at 571-572.)

9.     In *Issacson v. Dow Chemical Company*, 304 F.Supp.2d 442 (E.D.N.Y. 2004), the sufficiency of the federal officer removal statute to deny a motion to remand was examined.  The federal officer removal statute expands the scope of federal jurisdiction, overcoming the "well pleaded complaint" to allow removal if three elements are satisfied.  (*Id.* at 446.)  First, a defendant must demonstrate that it is a person within the meaning of the statute.  Second, a defendant must establish that the suit is under color of federal office, that is, there is a causal connection between the plaintiff's claims and the defendant's asserted authority. Third, a

defendant must raise a colorable federal defense to the plaintiff's claims. (*Id.*)

10.     The *Issacson* court discussed that a corporation is included in the definition of "person" in this statute. (*Id.*) The second prong of *Issacson* calling for a causal connection between the defendant's actions under the authority of a federal officer and the plaintiff's state court claims requires a substantial degree of direct and detailed federal control over the defendant's work. (*Id.* at 447.) What constitutes sufficient federal control is often central to a court's decision to uphold removal or remand a case. Several courts have upheld removal because defendants were sued as a result of building products pursuant to military specifications. (See *Crocker v. Borden*, 862 F.Supp 132 (E.D.La 1994) (holding that removal was proper for Westinghouse because its marine turbines were manufactured pursuant to Navy specifications; see also, *Pack v. AC and S, Inc.*, 838 F.Supp. 1099 (D.Md. 1993) (holding that removal was proper for Westinghouse because the government had extensive control over the manufacture of turbines, even specifying the type of asbestos cloth).)

11.     The *Issacson* Court concluded that the government-ordered specifications differed from the specifications for the defendant's commercial application of the product. (*Issacson, supra,* at 450.) In addition, the method of warning and application was completely in the government's hands. (*Id.*) Finally, the government had full knowledge of the dioxin "problem" inherent in the production of Agent Orange. (*Id.*) These factors demonstrated the control with which the government operated.

12.     This analysis also applies in "failure to warn" cases where "there is evidence that the government was involved in the decision to give, or not to give a warning." (*Kerstetter v. Pacific Scientific Co.*, 210 F.3d 431, 438 (5th Cir.), cert denied, 531 U.S. 919 (2000). The Court

of Appeals for the Fifth Circuit has made it clear that the government contractor defense is available in "failure to warn" claims where the evidence shows the lack of a warning reflect governmental direction or control rather than the unfettered discretion of the product's manufacturer, and applies wherever: 1) the government approved or authorized warnings which the plaintiff contends were inadequate or incomplete; 2) the warnings provided by the manufacturer conformed to the warnings as approved or authorized by the government; and 3) the manufacturer warned the government as to any product hazards known by the manufacturer, but unknown to the government. (*Id.*)

13.     As stressed in *Kerstetter*, "[t]he government need not prepare the specifications to be considered to have approved them." (*Id.* at 435.) The only material issue is whether the designs and specifications were subjected to "substantial review" rather than a mere "rubber stamp" approval. (*Id.*) In this regard, "[t]he specifications need not address the specific defect alleged; the government need only evaluate the design feature in question." (*Id.*) Once again, applying these general principles to "failure to warn" claims, the fact that government specifications or regulations did not specifically preclude the exact warning desired by Plaintiffs does not take a "failure to warn" claim outside the scope of the government contractor defense so long as the government was involved generally as to the issue of product warnings (or specifically approved the warning provided by the contractor) and was generally aware of the hazard in question. (*Id.* at 438.) Stated another way, "[i]nadequacy [of a warning] is not an issue when it is the government's warning in the first place." (*Id.*)

14.     Here, Plaintiff alleges that TODD was involved in the repair, overhaul and maintenance of the USS THOMASTON (LSD-28) and the USS ORLECK (DD-886) for the

United States of America and the U.S. Navy.  For the purposes of this removal, TODD acknowledges having repaired the USS THOMASTON (LSD-28) and the USS ORLECK (DD-886) for the United States of America and the U.S. Navy.  However, such construction, conversion, or repair, was necessarily performed pursuant to contracts and specifications executed by an officer of the United States of America and the U.S. Navy.  This case is substantially similar to *Issacson*, as during the repair and maintenance of vessels for the U.S. Navy, TODD acted under the direction of a federal officer when it allegedly repaired the vessel aboard which Plaintiff worked, within the precise and exacting specifications promulgated by the United States of America and the U.S. Navy.

15.      If the USS THOMASTON (LSD-28) and the USS ORLECK (DD-886) were repaired by TODD, it was done so for the  United States of America and the U.S. Navy, necessarily pursuant to (a) contracts that mandated adherence to comprehensive and detailed United States of America and the U.S. Navy-created specifications regarding, among other things, the use of asbestos-containing products, as well as (b) repair oversight by on-site United States of America and the U.S. Navy representatives.  Under the terms of its contracts with the United States of America and the U.S. Navy, TODD's construction, conversion or repair of vessels was necessarily performed under the authority and control of an officer of the  United States of America and the U.S. Navy.  Thus, during all phases of TODD's construction, conversion or repair of vessels, pursuant to United States of America and the U.S. Navy contracts and specifications, TODD performed its work under the control and supervision of officers of the United States of America and the U.S. Navy.  TODD constructed and/or repaired the subject vessel under the direct supervision, control, order and directives of a federal officer acting under

color of federal office.

16.     Moreover, TODD can and will assert a federal defense to this action: its work was performed pursuant to contract with, and under the supervision of, the United States government, and any recovery by Plaintiff is barred by consequence of the judicially recognized doctrine of immunity conferred upon that contractual relationship, and any occurrences arising therefrom. (*Boyle v. United Technologies Corp.*, 487 U.S. 500, 509-511; 108 S.Ct. 2510 (1988); *Niemann v. McDonnell Douglas Corp.*, 721 F.Supp. 1019, 1021-1023 (S.D.Ill. 1989).)

17.     TODD is entitled to federal officer removal under 28 U.S.C. § 1442(a) based upon the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), *Boyle v. United Technologies*, 487 U.S. 500 (1988), and *Emory v. McDonnell Douglas Corp.*, 148 F.3d 347 (4th Cir. 1998). *Yearsley*, and its progeny, established that a government contractor, performing at the direction and authorization of a government officer, is immune from suit based upon performance of the contract in carrying out a government function.  The *Yearsley* doctrine is satisfied here, because the subject vessels at issue were constructed, repaired and/or overhauled pursuant to validly conferred authority, and TODD's conduct was within the bounds of that authority.

18.     Finally, TODD acted under color of a federal officer or agency in its  conversion and/or repair of the U.S. Navy vessel, aboard which Plaintiff allegedly worked and where he was allegedly exposed to asbestos-containing materials.  Therefore, removal of this civil action pursuant to 28 U.S.C. §1442(a)(1) is proper. (*Williams v. Brooks*, 945 F.2d 1322, 1325 fn.2. (5th Cir. 1991).)

19.     Should Plaintiff file a Motion to Remand this case, TODD respectfully requests the opportunity to respond more fully in writing, including the submission of Affidavits and authorities.

20.     Since TODD was acting under an officer of the  United States of America and the U.S. Navy, pursuant to 28 U.S.C. §1442(a)(1), all TODDs are not required to join in this Notice of Removal. (See, e.g., *Ely Mines, Inc. v. Hartford Accident & Indemnity Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981).)

21.     TODD has not filed an Answer in the above-entitled matter.

22.     Since the Complaint was filed on May 8, 2019, and TODD was served on May 16, 2019, TODD is filing this Notice of Joinder of Removal within thirty (30) days from the date it first learned of a basis upon which to remove this action, as required by 28 U.S.C. Section 1446(b).  The Complaint comprises the first pleading, motion, order or other paper from which TODD could ascertain that Plaintiffs' action should be removed to this Court by TODD.

23.     Written notice of the filing of this Notice of Removal will be given to Plaintiffs and the other defendants remaining in this action as required by 28 U.S.C. §1446(d).

24.     All pleadings filed in this State Court action are attached as Exhibit D to this Notice of Removal.

WHEREFORE, TODD hereby notices its removal of this action to this Court.

### DEMAND FOR JURY TRIAL

Defendant VIGOR SHIPYARDS, INC. , formerly known as TODD PACIFIC SHIPYARD CORPORATION hereby demands a trial by jury in this action.

1    DATED: June   6   , 2019              YARON & ASSOCIATES

2

3

                                     By: _____

4

                                        GEORGE D. YARON

5

                                        D. DAVID STEELE

                                        Attorneys for VIGOR SHIPYARDS, INC.,

6

                                        formerly known as TODD PACIFIC

7

                                        SHIPYARD CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28